DSS:EMN:DAL/PT/BDM
F.#2015R01825

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FABIO TORDIN,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>SEALED ORDER
OF FORFEITURE</u>

15 CR 564 (RJD)

        WHEREAS, on or about November 9, 2015, FABIO TORDIN (the "defendant"), entered a plea of guilty to Counts One through Four of the above-captioned Information, charging violations of 18 U.S.C. § 1349 and 26 U.S.C. § 7206(1);

        WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. §1349, as alleged in the Information; and

        WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of the sum of six hundred seventy-five thousand dollars and no cents ($675,000.00) (the "Forfeiture Money Judgment"), which represents profits and bonuses the defendant received in connection with the bribery schemes alleged in the Information, as property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. The defendant shall use his best efforts to liquidate the following assets within one year from the date of execution of his agreement with the government (the "Initial Due Date"): (a) the real property and premises located at ████████████████████; (b) the real property and premises located at ████████████████████; and (c) the real property and premises located at ████████████████████ ████████████ (items (a) through (c), collectively, the "Investment Properties"). Immediately upon sale of the Investment Properties, the defendant shall direct the gross proceeds from each such sale less reasonable and customary expenses (the "Net Sales Proceeds") towards payment of the Forfeiture Money Judgment. The defendant shall direct that any excess balance from the sale of the Investment Properties after payment of the Forfeiture Money Judgment be held in escrow by counsel for the defendant, Diaz Reus LLC, for ultimate payment towards any outstanding federal income tax liability. In the event that the Net Sales Proceeds do not fully satisfy the amount of the Forfeiture Money Judgment, the defendant shall pay any outstanding balance of the Forfeiture Money Judgment no later than the date of the defendant's sentencing (the "Final Due Date") (the "Initial Due Date" and "Final Due Date" referred to generally as the "Applicable Due Date").

3. The defendant's spouse, ████████████████, acknowledges that she has been made aware of the terms and conditions of the defendant's agreement and has had the opportunity to consult with counsel in this matter. Thus, for the purpose of accomplishing the payment of the Forfeiture Money Judgment through liquidation and/or forfeiture of the Investment

Properties and, pursuant to paragraph 7 below, the Primary Residence (as defined therein), ▊▊▊▊ ▊▊▊▊▊▊▊ hereby disclaims any interest in such property and consents to the liquidation and judicial forfeiture of the same.

4. ▊▊▊▊▊▊▊▊▊▊ hereby consents to the forfeiture of such property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure or through commencement of an administrative or civil forfeiture proceeding, at the government's sole and exclusive discretion. Maria Cristina Tordin further agrees not to file or interpose any claim or to assist others to file or interpose any claim to such property in any forfeiture proceeding, and to execute any documents necessary to ensure that clear title to the property is transferred to the United States. ▊▊▊▊ ▊▊▊▊▊▊▊ hereby waives any notice of the forfeiture of the same that may be required by 21 U.S.C. § 853, 18 U.S.C. § 983, or otherwise.

5. The defendant acknowledges that the U.S. Attorney's Office (the "Office"), at its sole discretion, may seek to forfeit the amount of Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

6. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, with the criminal docket

number noted on the face of the check. The defendant shall cause said checks to be sent via certified mail, overnight mail, or Federal Express to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. The defendant acknowledges that all funds paid by the defendant pursuant to this paragraph shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or her designee of funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i), and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

7. If any payments towards the Forfeiture Money Judgments are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law including, but not limited to, the Investment Properties and the real property and premises located at ███████████████████████ (the "Primary

Residence"). For the avoidance of doubt, the defendant expressly acknowledges that (a) in the event that the Investment Properties are not liquidated by the Initial Due Date and the Net Sales Proceeds paid towards the Forfeiture Money Judgment as contemplated in paragraph 2, the government may seek forfeiture of the Investment Properties, and (b) in the event that the Forfeiture Money Judgment is not paid in full on or before the Final Due Date as contemplated in paragraph 2, the government may seek forfeiture of the Primary Residence.

8. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of this Order.

10. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title of any substitute assets to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

11. The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant agrees that the entry or payment of the Forfeiture Money Judgment is not to be considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

13. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order is hereby made final as to the defendant. This Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2), and shall be made part of the sentence and included in the judgment.

14. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

15. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

16. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

17.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       November 23, 2015

_____
HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE